IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KIMBERLY PLACKO, | Civil Action |
| Plaintiff, | No. 2:21-cv-0828 |
| v. | |
| FIRST HOSPITALITY GROUP, INC. d/b/a Hampton Inn Pittsburgh/Monroeville, | |
| Defendant. | JURY TRIAL DEMANDED |

## CIVIL COMPLAINT

Plaintiff, Kimberly Placko, by undersigned counsel files this Civil Complaint and in support alleges the following.

### I. Jurisdiction

1. The jurisdiction of this Court is invoked pursuant to Section 107 of the Americans with Disabilities Act, 42 U.S.C. §12117(a), incorporating by reference Section 706 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5; 28 U.S.C. §§ 1331; 1343(a)(4) and this Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367.

2. Ms. Placko has satisfied all the procedural and administrative requirements set forth in Americans with Disabilities Act (ADA), in that:

    a. Ms. Placko filed a timely written charge of disability discrimination with the Equal Opportunity Employment Commission on May 31, 2019 and cross filed with the Pennsylvania Human Relations Commission on June 17, 2019;

    b. Ms. Placko received a Notice of Right to Sue from the EEOC dated April 9, 2021;

    c. This action was filed with this Court within 90 days of receipt of that Notice; and

   d.  One year has passed since the complaint was filed with the PHRC.

## II. The Parties

3.  Plaintiff, Kimberly Placko, is an individual who resides at 1531 Robbins Station Road, Irwin, PA 15642.

4.  Defendant, First Hospitality Group, d/b/a Hampton Inn, Pittsburgh/Monroeville ("First Hospitality") is a corporation with a place of business at 3000 Mosside Boulevard, Monroeville, PA 15146.

5.  First Hospitality is a covered entity within the meaning of the ADA, 42 U.S.C. §12111(2) and (5)(A) because it is an employer engaged in industry affecting commerce and employed more than 15 persons for each working day in each of 20 or more calendar weeks in the current and/or preceding year.

## III. Factual Background

6.  Ms. Placko is impaired with Cerebral Palsy and is required to wear a brace on her left leg.

7.  On or about May 9, 2019, Ms. Placko interviewed for the position of front desk clerk for First Hospitality.

8.  Ms. Placko had worked as a front desk clerk at other hotels and she is capable of performing the essential functions of the position with or without accommodation.

9.  During her interview the Assistant General Manager for First Hospitality, Judy Forsythe, said she was very interested in hiring Ms. Placko.

10.  Ms. Placko explained to Ms. Forsythe that she could not continuously stand the entire shift and would have to sit at times, but that she could perform the essential functions of the job.

11.     Ms. Forsythe then said she would need to check with management regarding whether there was an issue with Ms. Placko not being able to stand continuously during the entire shift.

12.     Ms. Placko checked back with Ms. Forsythe on or around May 15, 2019, via telephone.

13.     Ms. Forsythe apologized to Ms. Placko, but said that due to First Hospitality's policy of not having a chair at the front desk, First Hospitality would not hire her.

14.     Ms. Placko told Ms. Forsythe that it was a shame because she would do well in the position.

15.     Ms. Forsythe agreed with Ms. Placko.

### Count I
### Ms. Placko v. First Hospitality
### Americans with Disabilities Act: Discrimination

16.     Ms. Placko incorporates by reference the allegations in paragraphs 1 through 15 as if fully restated herein.

17.     As described above, Ms. Placko is an individual with a disability, and First Hospitality perceived her as having a disability.

18.     Ms. Placko was qualified for the position of front desk clerk because she could perform all essential functions of the position with or without a reasonable accommodation. Thus, Plaintiff was a qualified individual with a disability under 42 U.S.C. §12111(8).

19.     First Hospitality failed to hire Ms. Placko for the position because of her actual and/or perceived disability, in violation of the ADA, 42 U.S.C. §12112(a).

20.     First Hospitality failed to hire Ms. Placko because she would require a reasonable accommodation, in violation of the ADA, 42 U.S.C. §12112(b)(5).

21. As described in detail above, First Hospitality subjected Ms. Placko to intentional disability discrimination and/or aided and abetted intentional disability discrimination against Ms. Placko.

22. First Hospitality's violation of the Americans with Disabilities Act was intentional and with reckless disregard of Ms. Placko's federally protected right to be free of discrimination on the basis of her disability.

23. As a direct and proximate result of First Hospitality's illegal and discriminatory actions, Ms. Placko has suffered and continues to suffer damages, including but not limited to:

    a. Lost wages and benefits;

    b. Emotional distress, anxiety, humiliation and inconvenience; and

    c. Costs and the expense of litigation.

WHEREFORE, Ms. Placko demands judgment against First Hospitality for its violation of the Americans with Disabilities Act as follows:

    a. Back pay and benefits from the time First Hospitality refused to accommodate Ms. Placko until the time of trial, with interest;

    b. An injunction precluding First Hospitality from discriminating or retaliating against Ms. Placko in any manner prohibited by the Americans with Disabilities Act;

    c. Either in-statement or front pay;

    d. Compensatory damages for her emotional distress, anxiety, humiliation and inconvenience;

    e. Punitive damages;

    f. Reasonable attorneys' fees, costs and the expense of litigation; and

    g. Such other legal and equitable relief as the Court deems just and proper.

## Count II
## PHRA

24. Ms. Placko incorporates by reference the allegations in paragraphs 1 through 23 as if fully restated herein.

25. As described in detail above, First Hospitality subjected Ms. Placko to intentional discrimination because of her disability and/or aided and abetted intentional discrimination against Ms. Placko because of her disability.

26. First Hospitality's actions violated the Pennsylvania Human Relations Act, 43 P.S. § 955(a) *et seq*.

27. As a direct result of First Hospitality's violation of the PHRA, Ms. Placko has lost wages and other economic benefits of her employment with First Hospitality, in addition to suffering extreme emotional distress, depression, inconvenience and humiliation.

WHEREFORE, Ms. Placko requests the following:

a. That the Court enter a judgment declaring First Hospitality's actions to be unlawful and in violation of the Pennsylvania Human Relations Act;

b. That First Hospitality be ordered to instate and provide Ms. Placko her accumulated seniority, fringe benefits and all other rights;

c. That First Hospitality be required to compensate Ms. Placko for the full value of wages she would have received had it not been for First Hospitality's illegal treatment of Ms. Placko, with interest from the date of discrimination, in addition to reimbursement for lost pension, social security, experience, training opportunities and other benefits;

d. That the Court award Ms. Placko compensatory damages as a result of First Hospitality's violations of the Pennsylvania Human Relations Act;

e. That First Hospitality be enjoined from discriminating against Ms. Placko in a manner that violates the Pennsylvania Human Relations Act;

g. That Ms. Placko be awarded against First Hospitality the costs and expenses of this litigation and reasonable attorneys' fees; and

h. That the Court grant Ms. Placko additional relief as may be just and proper.

Respectfully submitted,

**Rothman Gordon, P.C.**

/s/Samuel J. Cordes
Samuel J. Cordes
Pa.I.D. #54874

310 Grant Street
Third Floor, Grant Building
Pittsburgh, PA 15219
Attorney for Plaintiff